# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID E. KATES,** | : | |
| Petitioner | : | Civil No. 3:12-CV-2270 |
| v. | : | (Judge Caputo) |
| **J.E. THOMAS (Warden),** | : | (Magistrate Judge Carlson) |
| **CHARLES SAMUEL Jr. (B.O.P. Dir.),** | : | |
| **ERIC HOLDER, Jr. (Att. Gen.),** | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

Petitioner David E. Kates is a federal inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. On November 15, 2012, Kates filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his conviction in the United States District Court for the Northern District of Texas for unspecified crimes was unlawful or somehow unconstitutional, because the federal government acted unlawfully or without authority in prosecuting him for a crime or crimes that he believes were the exclusive jurisdiction of Texas law enforcement authorities. (Doc. 1.) Kates has also filed a motion for leave to proceed *in forma pauperis*. (Doc. 3.)

Kates endeavors to make a number of constitutional arguments in support of his

petition, which otherwise provides few details about the nature of his criminal convictions, the sentence that was ultimately imposed, or his efforts to secure post-conviction relief in the sentencing court. With respect to Kates's constitutional arguments, we observe that they are vaguely presented, and none sets forth a plausible basis to grant relief. Nevertheless, as a threshold matter, because it is clear that Kates is seeking to have both his conviction and sentence set aside on the grounds that both are unconstitutional, Kates is required to pursue such relief through a petition filed pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Texas – the court he alleges imposed the sentence he now seeks to challenge.

Because Kates's habeas petition is improperly filed in this Court, we will recommend that the district court grant the petitioner's motion for leave to proceed in forma pauperis, but dismiss the petition without prejudice to Kates seeking habeas relief through a properly filed petition in the Northern District of Texas.

## II. DISCUSSION

The instant § 2241 petition is before the Court for preliminary consideration. Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (1977) (Rule 4 applies to § 2241 petitions under

2

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Indeed, federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." Id. at 542. When a federal inmate is lodging a challenge to the conditions or incidents of his confinement, or is otherwise alleging a constitutional violation that does not directly implicate the fact or duration of an inmate's confinement, the proper vehicle for seeking relief is through

3

a Bivens[1] action, the federal counterpart to an action under 42 U.S.C. § 1983. See, e.g. Essell v. Scism, No. 4:10-CV-288, 2010 U.S. Dist. LEXIS 39128, *9 (M.D. Pa. April 21, 2010); Pinkney v. United States Justice Dep't, No. 1:10-CV-0102, 2010 U.S. Dist. LEXIS 22156, at *4-5 (M.D. Pa. March 10, 2010); cf. Leamer, 288 F.3d at 542 ("[W]hen the challenge is to the condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."). However, where a prisoner is seeking a declaration that his constitutional rights on appeal were violated, the Third Circuit has held that such a petition constitutes a direct challenge to the validity of the conviction and the validity of the petitioner's confinement, and is therefore properly raised in habeas. See Tedford v. Hepting, 990 F.2d 745, 749 (3d Cir. 1993).

Upon consideration, we conclude that Petitioner's claims may be properly pursued through habeas. However, even concluding that Kates's claims are properly brought through a petition for habeas relief, they are not properly filed under 28 U.S.C. § 2241, but instead must be pursued through a petition under 28 U.S.C. § 2255. "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence,

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

4

is by way of a motion filed under 28 U.S.C. § 2255.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255).

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.  Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972).  "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'"  Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).[2]

---

[2] By way of further explanation, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the proper vehicle for relief where a petitioner "challenges the effect of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of the sentence rather than its validity, see United States v. Addonizio, 442 U.S. 178, 185-88 (1979); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  We do not read Kates to be challenging the execution of his sentence, but instead to be challenging the underlying validity of his conviction and sentence, apparently on the grounds that the crimes of which he was convicted fell outside of federal jurisdiction, and could only have been prosecuted by Texas officials.  As the above discussion seeks to make clear, such a challenge must be brought by way of a petition for relief under

5

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that Kates makes in his petition do not even

---

28 U.S.C. § 2255.

suggest, let alone demonstrate, that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a petition under 28 U.S.C. § 2255 would be ineffective or inadequate. Kates's claim does not fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available. In Dorsainvil, the Third Circuit held that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. Nothing in Kates's petition suggests that this narrow exception has any relevance or application to the instant proceedings.

As provided in the governing statute, motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. See 28 U.S.C. § 2255(a) (motion must be filed in "the court which imposed the sentence"). In this case, it appears that Kates was convicted and sentenced in the United States District Court for the Northern District of Texas. Any such claim for relief under 28 U.S.C. § 2255 that Kates might file would have to be lodged with that Court, and not in the Middle District of Pennsylvania. Furthermore, it appears that this court is enjoined statutorily from acting upon Kates's petition, given that he has not brought this petition in the Northern District of Texas, and because Kates seems to suggest that he was previously denied relief by that court. See 28 U.S.C. § 2255(e) (providing that

7

a court shall not entertain a petition under § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").

In sum, we find that Kates's claims are not properly brought pursuant to 28 U.S.C. § 2241, but should instead be brought pursuant to 28 U.S.C. § 2255 in the court where he was convicted and sentenced, in this case the Northern District of Texas.

## III. **RECOMMENDATION**

For the reasons set forth above, IT IS RECOMMENDED THAT Kates's motion for leave to proceed in forma pauperis (Doc. 3) should be GRANTED, but the petition for a writ of habeas corpus (Doc. 1) should be DISMISSED without prejudice. The petitioner is placed on notice that

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: November 16th , 2012