**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID E. KATES,

    Petitioner,

       v.

J.E. THOMAS, *et al.*,

    Respondents.

CIVIL ACTION NO. 3:12-CV-2270

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

Presently before the Court are the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 4) and Petitioner David Kates's objections (Doc. 7). Magistrate Judge Martin C. Carlson recommends that Mr. Kates's Motion to Proceed *In Forma Pauperis* (Doc. 3) be granted, but that his Petition for Habeas Corpus (Doc. 1), filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice. (Doc. 4 at 8.) Because Mr. Kates's claims are not properly brought pursuant to 28 U.S.C. § 2241 in this Court, but should instead be brought pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Texas, the R&R will be adopted.

## BACKGROUND

Petitioner David Kates is a federal inmate currently incarcerated at the United States Penitentiary, Lewisburg in Lewisburg, Pennsylvania. He is serving a thirty-year federal sentence imposed by the United States District Court for the Northern District of Texas in 1997. (Doc. 7 at ¶ 2.) On November 15, 2012, he filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his conviction in federal district court was unconstitutional or unlawful because the federal government acted unlawfully or without proper authority in prosecuting him for an unspecified crime or crimes that he believes were the exclusive jurisdiction of Texas law enforcement authorities.[1] (Doc. 1 at 4–5.) He also

---

[1]    Mr. Kates's petition provides few details about the nature of his criminal conviction or convictions, the sentence that was imposed, or his efforts to secure post-conviction relief in the sentencing court.

filed a motion to proceed *in forma pauperis* (Doc. 3) the same day.

In a R&R dated November 16, 2012, Magistrate Judge Carlson recommended granting Mr. Kates's motion to proceed *in forma pauperis* and dismissing his § 2241 habeas corpus petition on the grounds that he is required to pursue his desired relief through a § 2255 habeas corpus petition filed in the United States District Court for the Northern District of Texas, which sentenced him. (Doc. 4 at 8.) Mr. Kates timely filed objections to the R&R on November 27, 2012. (Doc. 7.) He maintains that he is not challenging his conviction or sentence, but rather the district court's lack of proper jurisdiction or authority to convict or sentence him. (*Id.* at ¶¶ 7, 9.) He also notes that he has unsuccessfully challenged his conviction and sentence through direct appeal and a § 2255 petition and contends that a § 2241 petition is proper under these circumstances because the § 2255 petition has been ineffective and inadequate. (*Id.* at ¶¶ 8, 13.) Thus, the R&R is ripe for disposition.

## DISCUSSION

### I. Legal Standard for Reviewing a Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions

of the R&R to which the petitioner objects *de novo*. The remainder of the R&R is reviewed for clear error.

## II. Analysis

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973). A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined, whereas a petition under 28 U.S.C. § 2255 attacks the legality of detention and must be filed in the district that imposed the sentence. *See In re Nwanze,* 242 F.3d 521, 523 (3d Cir. 2001). When a defendant is challenging his conviction and sentence, and not the execution thereof, such challenges must be brought pursuant to § 2255 unless this "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Dorsainvil,* 119 F.3d 245, 249–51 (3d Cir. 1997).

"A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002). This "safety valve" was intended to be extremely narrow and applied only in rare circumstances, and not intended to allow prisoners to evade procedural requirements. *Id.* at 539; *Dorsainvil,* 119 F.3d at 248–49. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d. at 539.[2] Rather, the "safety valve" under § 2255 has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for

---

[2]  Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless certain requirements are met.

conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002) (citing *In re Dorsainvil,* 119 F.3d at 251). If a prisoner improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson,* 223 F. App'x 179, 180 (3d Cir. 2007) (nonprecedential).

As an initial matter, this Court must resolve whether Mr. Kates presents a claim challenging "the execution of his sentence." If he does not, this Court does not have habeas jurisdiction over his claim. *See Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 242–43 (3d Cir. 2005). Applying the above applicable legal principles, and an examination of the relief sought by Mr. Kates, the Court holds that his characterization of his claim as a challenge to the execution of his sentence, rather than a challenge to the legality of his conviction and sentence, is untenable.

Although Mr. Kates has styled his petition as challenging the execution of his sentence under § 2241 (Doc. 1; Doc. 7 at ¶¶ 7, 9, 12), it is clear that he is actually contesting the underlying validity of his conviction and sentence. Mr. Kates notes that he his challenging the fact that he is confined (Doc. 7 at ¶ 9) and repeatedly claims that the sentence imposed upon him is unlawful because the United States District Court for the Northern District of Texas was without jurisdiction to do so (Doc. 1 at 4, 8; Doc. 7 at ¶¶ 5, 7, 12). He requests for this Court to "render [his] conviction void, illegal, and unconstitutional" and immediately release him from federal prison. (Doc. 1 at 8.)

As Mr. Kates is challenging his conviction and sentence, and not the execution thereof, his habeas corpus petition must be brought pursuant to § 2255 unless this "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Dorsainvil,* 119 F.3d 245, 249–51 (3d Cir. 1997). He claims that a § 2441 petition is appropriate here because he has been unable to obtain relief through § 2255, thereby rendering § 2255 ineffective and inadequate. (Doc. 7 at ¶¶ 8, 13.) He asserts that the sentencing court has "illegally and erroneously" construed his

4

previous attempts at obtaining post-conviction relief as successive § 2255 petitions. (*Id.* at ¶ 13.) However, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief . . . ." *Cradle*, 290 F.3d at 539. Accordingly, because Mr. Kates's claims fall within the purview of § 2255, which is not inadequate or ineffective under these circumstances, the Court finds that he cannot advance his claims in a § 2241 petition.[3] Given that Mr. Kates has improperly challenged his federal conviction or sentence under § 2241, his habeas corpus petition must be dismissed for lack of jurisdiction, *see Woodall*, 432 F.3d at 242–43, and the Magistrate Judge's R&R will be adopted.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's R&R (Doc. 5) will be adopted. Mr. Kates's Motion to Proceed *In Forma Pauperis* (Doc. 3) will be granted and his Petition for Habeas Corpus (Doc. 1) will be dismissed without prejudice.

An appropriate order follows.


February 5, 2013       /s/ A. Richard Caputo
Date            A. Richard Caputo
              United States District Judge

---

[3]  The fact that he has previously filed an unsuccessful § 2255 petition does not alter the Court's finding as to the unavailability of § 2241 to challenge the validity of his conviction or sentence. Consequently, he must file a motion in the United States Court of Appeals for the Fifth Circuit seeking an order authorizing the United States District Court for the Northern District of Texas to consider a second or successive motion under 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2244, 2255. The fact that he is unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective."