# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. KATES, | CIVIL ACTION NO. 3:12-CV-2270 |
| Petitioner, | |
| v. | (JUDGE CAPUTO) |
| J.E. THOMAS, et al., | |
| Respondents. | |

## MEMORANDUM

Presently before the Court is a Motion for Reconsideration brought by Petitioner David Kates. (Doc. 10.) Mr. Kates seeks reconsideration of the Court's February 5, 2013 Memorandum and Order (Docs. 8–9), which adopted Magistrate Judge Martin C. Carlson's Report & Recommendation ("R & R") (Doc. 5) and dismissed Mr. Kates's 28 U.S.C. § 2241 petition for habeas corpus (Doc. 1) for lack of jurisdiction. As Mr. Kates has not presented any previously unavailable evidence or demonstrated a clear error of fact or law in the Court's dismissal of his § 2241 habeas petition, his motion will be denied.

## BACKGROUND

Petitioner David Kates is a federal inmate currently incarcerated at the United States Penitentiary, Lewisburg, in Lewisburg, Pennsylvania. On November 6, 1997, Mr. Kates was convicted in the United States District Court for the Northern District of Texas of possession with intent to distribute cocaine base (crack). On April 3, 1998, the district court sentenced Mr. Kates as a career offender to thirty years in federal prison. His conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit. *See United States v. Kates*, 174 F.3d 580 (5th Cir. 1999). On May 2, 2000, Mr. Kates filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which the district court denied

on December 31, 2002. On January 22, 2003, the district court issued an order denying the issuance of a certificate of appealibility.

On February 12, 2008, Mr. Kates, who was incarcerated in Illinois at the time, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of Illinois, which transferred the motion to the United States District Court for the Northern District of Texas. Mr. Kates's motion was filed in the transferee court as a motion for relief under 28 U.S.C. § 2255 and was dismissed for lack of subject matter jurisdiction, as he had not obtained permission from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion.

On November 15, 2012, Mr. Kates filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. (Doc. 1.) In his petition, he argued that his conviction was unconstitutional or unlawful because the federal government acted unlawfully or without proper authority in prosecuting him for a crime that is exclusively within the jurisdiction of Texas law enforcement authorities. (*Id.* at 4–5.) He also filed a motion to proceed *in forma pauperis* (Doc. 3) the same day.

In a R & R dated November 16, 2012, Magistrate Judge Carlson recommended granting Mr. Kates's motion to proceed *in forma pauperis* and dismissing his § 2241 habeas petition on the grounds that he is required to pursue his desired relief through a § 2255 habeas petition in the federal district court that sentenced him. (Doc. 4 at 8.) Mr. Kates timely filed objections to the R & R on November 27, 2012. (Doc. 7.) He maintained that his § 2241petition was not challenging his conviction or sentence, but rather the district court's lack of proper jurisdiction to convict or sentence him, and was proper because the § 2255 petition was ineffective or inadequate in obtaining relief. (*Id.* at ¶¶ 7, 9, 13.)

In a Memorandum and Order dated February 5, 2013, the Court adopted the R & R and dismissed Mr. Kates's § 2241 habeas petition for lack of jurisdiction, as his claims fell

within the purview of § 2255, which was not inadequate or ineffective. (Docs. 8–9.) On February 22, 2013, Mr. Kates filed a Motion for Relief Pursuant to 28 U.S.C. § 2241 (Doc. 10), which this Court will construe as a Motion for Reconsideration. The motion has been briefed[1] and is ready for disposition.

## **DISCUSSION**

**A. Legal Standard**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). Alternatively, when the reconsideration motion is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows a party to seek reconsideration within fourteen (14) days of entry of an order. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to

---

[1] Local Rule 7.10 states that any motion for reconsideration "must be accompanied by a supporting brief and filed within fourteen (14) days after entry of the order concerned." Although Mr. Kates has failed to file a brief in support of his motion for reconsideration, his motion itself is styled as a brief and will be construed by the Court as one.

3

raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa.1999).

**B.  Defendants' Motion for Reconsideration (Doc. 10)**

In his Motion for Reconsideration, Mr. Kates again argues that his constitutional rights have been violated because he has been serving "an illegal sentence" that is "void and lacks jurisdiction" (Doc. 10. at 3) and is "actually, legally, and factually innocent" of the charges which he was convicted of (*Id.* at 8). He contends that the federal government has failed to establish jurisdiction (*Id.* at 6) and "usurp[ed] authority from the state of Texas over the criminal case . . . lacking any jurisdiction whatsoever" (*Id.* at 9).

The Court finds these arguments to be unavailing and nothing more than an attempt by Mr. Kates to relitigate his disagreement with the Court. Although Mr. Kates has styled his petition as challenging the execution of his sentence under § 2241, he is clearly contesting the validity of his underlying conviction and sentence. Such claims fall within the purview of § 2255, which is not inadequate or ineffective under these circumstances. *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief . . . .") Given that Mr. Kates has improperly challenged his federal conviction and sentence under § 2241, his habeas corpus petition must be dismissed for lack of jurisdiction. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242–43 (3d Cir. 2005); *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971). As Mr. Kates has not demonstrated an intervening change in controlling law, the availability of newly-discovered evidence, or the need to correct a clear legal or factual error or to prevent manifest injustice, his Motion for

Reconsideration (Doc. 10) will be denied.

## **CONCLUSION**

Because Mr. Kates has failed to demonstrate an intervening change in controlling law, the availability of newly-discovered evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice, his Motion for Reconsideration (Doc. 10) will be denied.

An appropriate order follows.

| | |
|---|---|
| March 18, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo<br>United States District Judge |